IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIONEL R. PEREZ, § | | |
| TDCJ #1446309 § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-12-0864 | |
| § | | |
| DR. IBRAHIM OMEIS, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM AND ORDER**

The plaintiff, Lionel R. Perez, also known as Rosendo Perez (TDCJ #1446309), is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Perez complains that he was denied adequate medical care with deliberate indifference to his pain and suffering. Perez is *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.     BACKGROUND**

Perez is in custody at the Terrell Unit in Rosharon, Texas. Court records reflect that he is incarcerated as the result of a conviction that he received on January 20, 2011, for unlawful possession of a controlled substance. Perez does not challenge that conviction here and he does not complain about the conditions of his confinement. As outlined briefly below, Perez has filed this suit against a private physician, Dr. Ibrahim Omeis, for medical malpractice.

Perez explains that Dr. Omeis is a Professor at Baylor College of Medicine in Houston, Texas. According to Perez, Dr. Omeis performed surgery on Perez's spine at St. Luke's Episcopal Hospital, also in Houston, to remove an "arachnoid cyst." Perez complains that Dr. Omeis negligently performed surgery on the wrong section of his spine. Perez asserts further that, as a result of this negligence, he suffers from pain, numbness, and "tingling feelings" in his spine. Perez says that, when he confronted Dr. Omeis about his pain and suffering on August 8, 2010, Dr. Omeis "threatened to call security" if Perez did not leave his office. Adding that Dr. Omeis refused additional treatment because Perez was a "Medicaid" patient, Perez complains that Dr. Omeis was "deliberately indifferent" to his medical needs. Perez seeks compensatory damages for his pain and suffering. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

Perez has not paid the filing fee and, presumably, he seeks leave to proceed *in forma pauperis* without pre-payment of that fee. Because Perez is incarcerated, his complaint is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal under the following circumstances. Where a prisoner proceeds *in forma pauperis*, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C.

§ 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)

3

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### III.    DISCUSSION

As outlined above, Perez alleges that Dr. Omeis was negligent in performing surgery and denied him adequate medical care with "deliberate indifference" to his pain and suffering. Liberally construed, Perez claims that Dr. Omeis failed or refused to provide him with care in violation of the deliberate indifference standard found in the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In that respect, "[a] prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

Perez's claim under the Eighth Amendment is actionable in federal court, if at all, under the civil rights statute found at 42 U.S.C. § 1983, which provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. To establish liability under § 1983, a civil rights plaintiff must satisfy two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979).

It is evident from the pleadings that Dr. Omeis was not a state actor at the time he treated Perez. The Supreme Court has explained that, according to the traditional definition of "acting under color of state law," the defendant in a § 1983 action must have "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). In other words, "the deprivation must be caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the [s]tate or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Id.* at 937. Because

Dr. Omeis was not acting under color of state law at the time the alleged violation occurred, Perez does not stated a claim for which relief can be granted under 42 U.S.C. § 1983.

Alternatively, even if Dr. Omeis could be considered a state actor, Perez's allegations of negligence and medical malpractice do not meet the deliberate indifference standard. To establish deliberate indifference in violation of the Eighth Amendment, a prisoner must show that (1) the defendants were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed. *See Farmer*, 511 U.S. at 837; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Fifth Circuit has stated that the deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id*. (citations omitted). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (citations omitted).

6

Perez's primary complaint is that, by performing surgery on the wrong section of his spine, Dr. Omeis failed to properly treat his condition and committed malpractice. Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Estelle*, 429 U.S. at 107; *see also Harris*, 198 F.3d at 159 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). It is well established that allegations of unsuccessful medical treatment, acts of negligence, or medical malpractice "do not constitute deliberate indifference[.]" *Gobert*, 463 F.3d at 347 (citations omitted). Thus, allegations of negligence and medical malpractice will not suffice to demonstrate an Eighth Amendment claim. *See Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001); *see also Stewart*, 174 F.3d at 534 ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."). Assuming that Perez's allegations are true, his claims are not sufficient to demonstrate deliberate indifference or to articulate a violation of the Eighth Amendment. *See Domino,* 239 F.3d at 756. Because Perez fails to articulate a constitutional violation, his complaint under the Eighth Amendment must be dismissed for failure to state a claim.

To the extent that Perez includes claims of medical malpractice and negligence in his complaint, these causes of action arise under state law. Where a court dismisses a party's federal claims, the "general rule" is to dismiss any pendent state law claims without prejudice so that the plaintiff may re-file his claims in the appropriate state court. *See Wong v. Stripling*, 881 F.2d 200, 203-04 (5th Cir. 1989); *see also Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994) (upholding the dismissal of an inmate's state law claims following the

dismissal of his federal claims). The decision to entertain or dismiss the pendent state claims is within the district court's discretion. *See Wong*, 881 F.2d at 204. Because the complaint has failed to state a federal claim, this Court elects to follow the general rule and to dismiss the pendent state law claims without prejudice.

### IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Lionel Rosendo Perez (TDCJ #1446309) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint of mistreatment under the Eighth Amendment "deliberate indifference" standard is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983. The plaintiff's claims for negligence and medical malpractice are **DISMISSED** without prejudice to refiling in state court.

**The Clerk is directed to provide a copy of this order to the parties and to terminate all other pending motions as moot. The Clerk will also provide a copy of this order by regular mail, Federal Express, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on  March 28, 2012.

8

Nancy F. Atlas
United States District Judge